## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re* SUBPOENA TO HEIDARPOUR LAW FIRM, PLLC. | Case No.: _____ |
| | Underlying action: |
| | United States District Court for the District of Oregon Eugene Division |
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | Case No. 6:25-cv-01869-MC |
| Plaintiff, | |
| v. | |
| FREEWAY INSURANCE SERVICES OF AMERICA, LLC, | |
| Defendant. | |

### DECLARATION OF ANDREW HEIDARPOUR

Andrew Heidarpour, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1.     I am an attorney and the principal of Heidarpour Law Firm, PLLC ("HLF"). I submit this declaration in support of HLF's Emergency Motion to Stay and Quash the Subpoena Defendant Freeway Insurance Services of America, LLC ("Freeway" or "Defendant") served on HLF on May 20, 2026 (the "Subpoena"). I make this declaration based on my personal knowledge, and if called to testify, I could and would testify competently to the matters stated below. I do not, by this declaration, disclose the substance of any privileged communication or attorney work product, and I expressly preserve all privileges, immunities, and protections asserted in HLF's responses and objections.

2.      HLF is a small law firm, which I founded. I am barred in the District of Columbia, remain in good standing, and have never been disciplined or sanctioned for my conduct as an attorney. HLF currently employs one other attorney and limited support staff. From time to time, I employ others to provide non-legal services at HLF. For example, occasionally, I have asked my mother, Farideh Heidarpour, to perform non-legal secretarial duties, such as answering telephone calls. Those services are performed under my direction.

3.      HLF's primary source of business is helping clients evaluate potential claims under the Telephone Consumer Protection Act ("TCPA"), which provides remedies for those who receive unsolicited messages or telephone calls. In general, HLF's role is to evaluate potential claims on behalf of the client and engage with the entity responsible for sending the messages in question in an effort to resolve the matter. HLF obtains appropriate client authorization before resolving those matters, and HLF has successfully resolved numerous TCPA matters on behalf of its clients.

4.      Because of HLF's small size, HLF generally does not institute formal legal proceedings should they become necessary. Rather, if a case may need to be litigated, HLF refers the case to another counsel, and that counsel decides whether to file, settle, or dismiss the case. HLF may continue to provide limited assistance on litigated cases, such as help responding to discovery requests, but HLF is not in charge of the prosecution of those cases and often does not appear as counsel of record.

5.      One of HLF's clients is Chet Wilson. Mr. Wilson first contacted HLF in or about October 2024 and executed an engagement letter with HLF shortly thereafter. Mr. Wilson contacted HLF concerning unsolicited text messages that were sent to him in June 2024 by

- 2 -

Defendant Freeway Insurances Services of America, LLC. Mr. Wilson had been receiving unsolicited messages on that same number from various entities since 2019.

6.      On December 12, 2024, HLF sent Freeway a letter demanding compensation for the unsolicited June 2024 text messages. On December 20, 2024, Freeway responded by letter stating, among other things, that it believed it had consent to send the messages and identified the individual who had provided such consent. That individual has no connection with HLF.

7.      Because I was unable to resolve Mr. Wilson's case directly with Freeway, I referred the case to Andrew Roman Perrong of Perrong Law LLC and Anthony Paronich of Paronich Law, P.C. Mr. Wilson subsequently executed an engagement letter with Mr. Perrong, Mr. Paronich, and HLF, to evaluate bringing a case against Freeway. Mr. Perrong then filed a lawsuit against Freeway in the District of Oregon, which is identified in the caption of this declaration. I did not make the decision to bring that case, which is being handled by Mr. Perrong. Pursuant to that engagement letter, I am entitled to receive 30% of any award of attorney's fees in the case against Freeway.

8.      On May 20, 2026, Freeway served a subpoena on HLF (the "Subpoena") for documents and a deposition. Having reviewed the Subpoena, I believe many of the requests would require HLF to provide information protected by the attorney-client privilege and the attorney work-product doctrine, including privileged communications with Mr. Wilson and with co-counsel. Sitting for a deposition on the nine topics in the Subpoena would likewise require the firm to marshal and disclose privileged information. Complying with the Subpoena also would require HLF to divert resources from other representations to search for, collect, and review materials and to prepare for a corporate deposition, at significant expense to the firm.

- 3 -

9.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: June 24, 2026

_____
Andrew Heidarpour