**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| *In re* SUBPOENA TO HEIDARPOUR LAW FIRM, PLLC | Case No.: 26-mc-00099-RJL-ZMF |
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | Underlying action: United States District Court for the District of Oregon, Eugene Division |
| Plaintiff, | Case No. 6:25-cv-01869-MC |
| v. | |
| FREEWAY INSURANCE SERVICES OF AMERICA, LLC | |
| Defendant. | |

**NON-PARTY HEIDARPOUR LAW FIRM, PLLC'S RESPONSE TO DEFENDANT'S**
**<u>MOTION FOR EXPEDITED RULING ON MOTION TO QUASH</u>**

Non-party Heidarpour Law Firm, PLLC ("HLF") takes no position on Freeway's Motion for Expedited Ruling (Dkt No. 20) ("Motion") and defers to the Court on the timing for resolving the Motion.[1]  HLF writes briefly for several reasons.  First, the Motion repeats accusations that are unsupported by evidence and misstate the record.  *See* Mot. at 1–3; *infra* Part 1.  Second, the District of Oregon's July 14, 2026 order says nothing about discovery from HLF and if anything, counsels awaiting the Oregon court's rulings on the pending motions there.  *See Wilson v. Freeway Ins. Servs. of Am., LLC*, No. 6:25-cv-01869-MC (D. Or.), Dkt. No. 30-1; Notice of Order in the Underlying Action, Dkt. No. 18 at 1–2 ("Notice"); Reply Mem. Supp. Non-Party HLF's Mot. to Quash a Subp., Dkt. No. 19 ("Reply") at 16; *infra* Part II.  Finally, should the Court schedule argument, HLF respectfully requests that it be held remotely.

## I.    FREEWAY AGAIN MAKES UNSUPPORTED ASSERTIONS AND MISSTATES THE RECORD

Freeway uses the Motion to repeat the same accusations HLF addressed in its reply, again without evidentiary support.  This is not the first time Freeway has done this.  On June 29, 2026, Freeway filed a "Notice" about HLF's request for emergency relief, which did not oppose that relief, but instead spent several pages making the same unsupported allegations of misconduct that are repeated here.  *See* Dkt. No. 3 at 2–4.  Freeway asserts that Mr. Wilson and his counsel are "abusing the Rule 23 mechanism for personal profit to the exclusion of any class, and potentially committing fraud in the prosecution of Wilson's cases."  Mot. at 1.  It further asserts that HLF "holds a 'power of attorney' from Wilson permitting it to sue, settle, or take virtually any other action in his cases without consulting him."  Mot. at 2.  The record is to the contrary.

---

[1] "Heidarpour Decl." refers to the Declaration of Andrew Heidarpour submitted in support of the Motion to Quash (Dkt. No. 1-1); and "Supp. Laroche Decl." refers to the Supplemental Declaration of Matthew Laroche submitted with the Reply (Dkt. No. 19-1).

There is no evidence of fraud.  Mr. Heidarpour also attested that HLF "obtains appropriate client authorization before resolving those matters," Heidarpour Decl. ¶ 3, and that HLF does not determine whether the underlying case is filed or settled, *id.* at ¶ 4.  In fact, Mr. Wilson declined Freeway's settlement offer in this very case and said so under oath, a point Freeway continues to overlook.  *Freeway*, No. 6:25-cv-01869-MC (D. Or.), Dkt. No. 29 at ¶ 25.  And the governing engagement letter—which Mr. Heidarpour attested is authentic and governs this litigation, Heidarpour Decl. ¶ 7—caps Mr. Wilson's recovery at the per-violation statutory damages, obligates him to "represent the interests of all members of the class," and provides that any resolution "is subject to court approval and must be structured in the best interest of the class as a whole."  Supp. Laroche Decl., Ex. 1 at 1–3; *see* Reply, Dkt. No. 19 at 7–8.

Freeway also asserts that "HLF has already produced much of the requested information in other matters, albeit as to other plaintiffs."  Mot. at 3.  In truth, HLF has never produced information about nearly 100 cases in response to a subpoena, nor has it produced its attorney work product, which is what the Subpoena demands.  Reply, Dkt. No. 19 at 12 n.5.

## II.    THE OREGON ORDER SAYS NOTHING ABOUT DISCOVERY FROM HLF

Freeway invokes Chief Judge McShane's July 14, 2026 order as the changed circumstance warranting an expedited ruling.  Mot. at 1–2.  Freeway already alerted the Court to this order, as did HLF, and nothing has changed since it was issued.  Notice, Dkt. No. 18; Reply at 16.  That order places all "fourteen (14) Telephone Consumer Protection Act cases brought by Mr. Wilson in the District of Oregon" before Chief Judge McShane, sets a status conference for August 18, 2026 "by Video Conference," and sets oral argument for August 19, 2026 on Freeway's motion to deny class certification and Mr. Wilson's motion for voluntary dismissal.  *Id.* at 1–2.  The order does not mention the Subpoena, HLF, or discovery of any kind.  *See id.* at 2; Reply, Dkt. No. 19 at 16 ("The order does not address discovery.").  Nothing in it suggests that the Oregon court wants

or needs a discovery record from a non-party law firm before it rules.  *See* Notice, Dkt. No. 18 at 1–2.

Regardless, the July 14 order states that the Oregon court "does not intend to act on any of Mr. Wilson's cases until it has ruled on" the motion to deny class certification and the motion for voluntary dismissal.  *Id.* at 2.  This supports pausing, not accelerating, collateral discovery from a non-party.  *Id.*  A ruling on those motions may moot or narrow the Subpoena, which is why HLF asked this Court, in the alternative, to defer ruling until the District of Oregon decides them.  Reply, Dkt. No. 19 at 16.  As HLF explained, the court "has thus charted a clear path to deciding the pending motions on the merits, on a defined schedule, without any discovery in the interim."  *Id.*

## III.    HLF REQUESTS ANY ARGUMENT BE HELD REMOTELY

Should the Court schedule expedited argument, HLF respectfully requests that it be conducted remotely.  Undersigned counsel Mr. Katyal and Mr. Laroche are traveling internationally until August 16, 2026, and would be unable to appear in person on an expedited basis.

**CONCLUSION**

For the foregoing reasons, HLF respectfully requests that the Court disregard the unsupported assertions in Freeway's Motion, *see* Mot. at 1–3, and that any argument on the Motion to Quash be held remotely to the extent it occurs prior to August 17.

4

DATED: July 31, 2026

Respectfully Submitted,

Neal Katyal (D.C. Bar No. 462071)
**MILBANK LLP**
1101 New York Avenue NW
Washington, D.C. 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Matthew J. Laroche (*pro hac vice*)
Peter Farag (*pro hac vice*)
Isabelle Laskero (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Heidarpour Law Firm, PLLC*

5