**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| *In re* SUBPOENA TO HEIDARPOUR LAW FIRM, PLLC. | Case No.: 26-mc-00099-RJL |
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated, | Underlying action: |
| Plaintiff, | United States District Court for the District of Oregon, Eugene Division |
| v. | Case No. 6:25-cv-01869-MC |
| FREEWAY INSURANCE SERVICES OF AMERICA, LLC, | |
| Defendant. | |

**DEFENDANT'S NOTICE OF NEW EVIDENCE IN SUPPORT OF ITS OPPOSITION
TO HEIDARPOUR LAW FIRM, PLLC'S MOTION TO QUASH**

Freeway submits this notice of new evidence that further supports a denial of HLF's motion to quash. Specifically, Freeway just learned that, nine days before Freeway served its subpoena in the underlying action, HLF gathered, reviewed, produced, and swore under oath to 259 pages of the very categories of documents it now calls privileged and burdensome to produce. It did so in response to a Rule 45 subpoena in another TCPA class action. Freeway obtained those documents after briefing on this motion closed, and raises them now at the first opportunity. They confirm two things: HLF's burden and privilege objections are pretextual, and what Freeway seeks here bears directly on whether Wilson and his counsel can adequately represent a class.

Last week, counsel for the defendant in *Robertson v. Plain-English Media, LLC*, No. 3:24-cv-429 (D. Nev.), a TCPA class action brought by another serial litigant whose claims originate with HLF, provided Freeway's counsel with the production described above. Watstein Decl. ¶ 4. It includes HLF's master contingent fee agreement with the claimant; eleven claim-specific retainers naming eleven defendants; HLF's referral agreements and fee splits with co-counsel; eighteen settlement disbursement statements; three executed settlement agreements and releases, with wire instructions; twenty-five pre-suit demand letters; and internal firm email, including Mr. Heidarpour's own inbox and sent items, printed on May 6, 2026. *Id.* ¶ 6; Ex. A. Five days later, Mr. Heidarpour authenticated the production under penalty of perjury, swearing the pages are "true and correct copies of records maintained by HLF in the ordinary course of business." *Id.* ¶ 5 & Ex. B.

HLF's production in response to the *Robertson* subpoena directly undercuts its refusal to produce similar documents in response to Freeway's subpoena, especially given that many of the requested materials are the same: fee, referral, and fee-sharing agreements (Request 9); records of HLF's financial interest across a single claimant's claims and the claims it referred to other counsel

1

(Requests 10–11); and the pre-suit demand letters it sent on that claimant's behalf (Request 12). *Id.* ¶ 6. For example, HLF claimed that responding to Freeway's subpoena would be burdensome because it "would require HLF to divert resources from other representations to search for, collect, and review materials . . . at significant expense to the firm." ECF No. 1-1 ¶ 8. But HLF had just done exactly that, nine days earlier. Watstein Decl., Exs. A, B.

Importantly, there was no pending adequacy motion in the *Robertson* case, like there is here. *Wilson v. Freeway,* No. 25-cv-01869, ECF No. 19 (May 16, 2026). And the district judge there had not taken jurisdiction over 14 other Robertson cases and stayed them all pending a ruling on Robertson's adequacy, as Chief Judge McShane has done here as to all Chet Wilson cases pending in the District of Oregon. *Id.*, ECF No. 30. As such, the proportionality calculus in this case weighs far more strongly in favor of production here than it did there, where HLF produced the requested documents.

The *Robertson* production also shows HLF's privilege objections are pretextual. The production contains the very categories of documents HLF claims it cannot produce here, including fee agreements, referral agreements and fee splits, and disbursement statements. *Id.* ¶ 6; Ex. A. In fact, it contains material *more* sensitive than anything Freeway's subpoena seeks: HLF's own bank routing and account numbers, and internal firm email. *Id.* ¶ 6.

HLF's other objections fare no better. HLF says Freeway should move to compel Wilson for the requested documents. But Mr. Heidarpour has sworn these are records *HLF* keeps in the ordinary course of business, and disbursement statements, inter-firm fee splits, referral terms, and wire instructions are not documents *clients* possess. *Id.* ¶ 5, Ex. B. HLF also calls Requests 10 through 12 disproportionate. But those are the exact categories of documents it produced wholesale in another case. *Id.* ¶ 6, Ex. A.

The *Robertson* production confirms that HLF's arrangements make its clients inadequate class representatives—the core argument Freeway makes in the underlying action. It confirms that the power of attorney provision contained in Wilson's retainer agreement is not a one-off because HLF's master agreement with *Robertson* likewise lets HLF "execute all claims, contracts, settlements, checks, drafts, compromises, covenants, releases, verifications, dismissals and deposits, in every respect, as though Client were personally doing so," and accept any settlement it "considers practical and reasonable." *Id.* ¶¶ 7–8. It also contains the same termination obligations: the client must repay HLF's costs on every outstanding claim, and HLF gets thirty days afterward to settle claims then in negotiation. *Id.*

The new agreements also confirm that these arrangements are designed to profit counsel, not the class. Each claim-specific agreement provides that "any amount obtained in excess of your statutory damages are either costs or attorney's fees and belong to us." *Id.* ¶ 10. The eighteen disbursement statements produced in *Robertson* show the end result of that arrangement. Across the eighteen matters, $633,500 was recovered and $566,000—nearly 90%—went to counsel, while $65,500 went to the named plaintiff, and nothing to any class member. *Id.* ¶ 11. And to collect her small fraction of the settlement, Robertson was required to "RELEASE, ACQUIT, AND FOREVER DISCHARGE . . . HEIDARPOUR LAW FIRM, PLLC, ANDREW HEIDARPOUR, FROM ANY AND ALL MANNER OF ACTIONS . . . WHETHER KNOWN OR UNKNOWN." *Id.*

This same evidence produced in the *Robertson* case is the evidence Freeway's subpoena seeks in Wilson's case. That evidence bears on Wilson's and his counsel's adequacy to represent any putative class, on the terms of any Rule 41(a)(2) dismissal, and on sanctions. Those questions

are Chief Judge McShane's to decide. What this Court controls is the record on which he decides

them. This new evidence further confirms HLF's motion to quash should be denied.

Dated: August 7, 2026

*/s/ Ryan D. Watstein*
Ryan D. Watstein (admitted *pro hac vice*)
ryan@wtlaw.com
James M. Ruley (admitted *pro hac vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (404) 783-0695

Attison L. Barnes, III (DC Bar No. 427754)
Cameron B. Wolfe (DC Bar No. 90005487)
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: 202-719-7000
Fax: 202-719-7049
abarnes@wiley.law
cbwolfe@wiley.law

*Attorneys for Defendant Freeway Insurance
Services of America, LLC*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 7, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan D. Watstein*
Ryan D. Watstein
