**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **HEIDARPOUR LAW FIRM, PLLC,**<br><br>**Petitioner,**<br><br>     **v.**<br><br>**FREEWAY INSURANCE SERVICES OF AMERICA, LLC,**<br><br>**Respondent.** | **No. 26-mc-00099-RJL-ZMF** |

## <u>ORDER</u>

Pending before the Court is Freeway Insurance Services of America, LLC's (Freeway) Motion to Expedite Ruling on Motion to Quash, ECF No. [20] and Heidarpour Law Firm's (HLF) Response, ECF No. [21]. Freeway's Motion is hereby DENIED without prejudice. To begin with, the Court has inherent authority to "manage [its] docket[] and courtroom[] with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

Freeway's request for an expedited decision appears to be tied to Chief Judge McShane's motions hearing set for argument on August 19, 2026 in the District of Oregon. *See* ECF No. 20 at 3. Freeway has not demonstrated that an expedited ruling by this Court is necessary for that hearing. More importantly, Freeway may raise the importance of these documents at that August 19 hearing. The court there may decide that the documents are unnecessary to make a decision.[1] However, if that court requires the subpoenaed materials, it can delay its decision pending resolution of the matter in this Court.

---

[1] Or, as HLF argues, "[a] ruling on those motions may moot or narrow the Subpoena[.]" *See* ECF No. 4.

Relatedly, that court may be the more appropriate venue to decide the Motion to Quash, ECF No. [1]. Stepping back for a moment, it bears noting that the underlying case in the District of Oregon is not a run-of-the-mill matter. Wilson filed a class action against Freeway in Oregon. *See* ECF No. 20 at 1. Wilson has allegedly filed "twenty-seven such cases" under the Telephone Consumer Protection Act—fourteen of which "remain pending." *See id.* Freeway has alleged that HLF is covertly involved in the litigation, noting that "HLF holds a 'power of attorney' from Wilson permitting it to sue, settle, or take virtually any other action in his cases without consulting him." *See id.* After Freeway moved to deny class certification, arguing that Wilson and his counsel are inadequate class representatives because they are allegedly abusing the Rule 23 process for personal gain and potentially committing fraud in prosecuting Wilson's cases, Wilson moved to dismiss his case. *See id.* HLF responded to Freeway's allegations, asserting that "[t]he record is to the contrary," and that "[t]here is no evidence of fraud." *See* ECF No. 21 at 1–2.

After HLF filed the Motion to Quash in this district, Chief Judge McShane entered a minute order centralizing oversight of all fourteen remaining cases brought by Wilson in the District of Oregon. *See* Notice 1, ECF No. 18. He also set a status conference for August 18, 2026, at which "[t]he parties from all of Mr. Wilson's cases will appear," and stated that the court "does not intend to act on any of Mr. Wilson's cases until it has ruled on" the two motions pending in the underlying action. *See id.* Chief Judge McShane also set the above-mentioned hearing for oral argument on Wilson's motion to dismiss and Freeway's motion to deny class certification for August 19, 2026. *See id.*

Given the unique history of the case, the question is whether this Court is best suited to resolve the discovery dispute. "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the

subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). To determine whether exceptional circumstances exist, courts should consider "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014). This case appears to have the hallmarks of exceptional circumstances.

To that end, the parties shall concurrently file briefing with this Court on or before August 14, 2026, setting forth their position as to whether the Motion to Quash, ECF No. [1], should be transferred to the United States District Court for the District of Oregon pursuant to Federal Rule of Civil Procedure 45(f). HLF's brief must state whether they consent to such transfer. Any party wishing to respond to the opposing party's briefing may file a response by noon on August 17, 2026. Briefing shall not exceed 15 pages.

Date:   August 7, 2026

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE